IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK TODD,

        Plaintiff,                  No. 2:12-cv-1887 KJM KJN PS

    vs.

SPENCER SHORT,

        Defendant.            FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff Derek Todd ("plaintiff") is proceeding without counsel in this action and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

        For the reasons stated below, the undersigned grants plaintiff's application to proceed in forma pauperis, but recommends that plaintiff's complaint be dismissed. Specifically, the undersigned recommends that plaintiff's claims be dismissed with prejudice for failure to state a claim on which relief can be granted, and that the court decline to exercise supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c).

---

[1] This proceeding was referred to the undersigned pursuant to Eastern District Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

I.     APPLICATION TO PROCEED IN FORMA PAUPERIS

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application and declaration make the showing required by 28 U.S.C. §§ 1915(a)(1) and 1915(2). Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

II.    SCREENING PLAINTIFF'S COMPLAINT

   A.    General Screening Standards

The determination that a plaintiff may proceed in forma pauperis does not complete the inquiry. The court is also required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that: the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

In assessing whether a plaintiff's complaint fails to state a claim on which relief can be granted, the court adheres to the "notice pleading" standards. See, e.g., Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). The notice pleading standards are codified, in part, in Federal Rule of Civil Procedure 8(a), which provides:

////

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
>
> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Additionally, a complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to relief that is plausible on its face.'" See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 556 U.S. at 663). The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted).

The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See, e.g., Lopez, 203 F.3d at 1130-31; Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.

3

1  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

2      B.      Plaintiff's Complaint

3          Plaintiff alleges that during family law proceedings in state court, attorney Spencer Short ("defendant") "gave legal advice" to plaintiff's child's mother, real party in interest Sondra Hoffman, "during numerous court proceedings without announcing to the court or to the Plaintiff that he had lawfully been retained as counsel."[2] (Compl., Dkt. No. 1 at 1.) Plaintiff also alleges that defendant failed to file a document in state court. (Id.) Plaintiff alleges that defendant violated California Rule of Court 5.660 when he failed to "provide proof to the court that he was a qualified family law attorney," and otherwise violated the California Code of Civil Procedure and State Bar Rules of Professional Conduct. (Id. at 11, 13.) Plaintiff also alleges that defendant violated California Penal Code § 166 for "violat[ing] the state judge's order." (Id. at 13-14.)

        Plaintiff further alleges that defendant asked plaintiff questions during a family court proceeding in a way that violated his rights. (Id. at 1, 14, 17 [defendant allegedly questioned plaintiff "in his child custody court trial" and "during court proceedings"].) Specifically, plaintiff alleges that defendant's questions "discriminated against Plaintiff's disability and violated the Americans Disability Act [sic]," "violated Plaintiff's right to equal protection" under the Fourteenth Amendment, and "violated the Civil Rights Act of 1964 [42 U.S.C. 2000e]." (Id. at 1-2, 17 [defendant allegedly asked plaintiff to "disclose his disability in his child custody trial," "asked the Plaintiff if he had a mental disorder during the Plaintiff's child custody trial for his daughter," and "asked the Plaintiff if he had a discussion about gay marriage with his child's school teacher at a 'meet and greet' school function."].) Additionally, plaintiff alleges that defendant's actions violated "Plaintiff's right to equal protection under the law that is

---

[2] Plaintiff has also filed a "supplemental complaint" in apparent efforts to amend his pleading to include a few additional pages. (Dkt. No. 4.) While such a filing is not a procedurally proper way to amend a pleading, in an abundance of caution the undersigned has considered that filing in connection with these Findings and Recommendations.

protected under the 14th Amendment of the United States Constitution." (Id. at 12-14, 17, 20-21.)

Plaintiff claims to "bring this complaint under 42 U.S.C. § 2000e, 42 U.S.C.§ 12132 and 42 U.S.C. § 2000b." (Id.) Construing his pleading liberally, as the undersigned must do at this procedural posture, it appears that plaintiff seeks to make claims under: (1) Title II of the Americans With Disabilities Act (42 U.S.C. § 12132); (2) Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000b, 2000e); (3) the Equal Protection Clause of the Fourteenth Amendment; (4) 18 U.S.C. § 245; and (5) California state law claims under California Code of Civil Procedure § 284(1) and California Penal Code § 166.

## III.  DISCUSSION

### A.  Americans With Disabilities Act

Plaintiff appears to allege that defendant is liable under Title II of the Americans with Disabilities Act ("ADA") and cites to 42 U.S.C. § 12132. (Compl. at 1-2, 17.)

Pursuant to 42 U.S.C. § 12132,

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

To state a claim under this section, a plaintiff must allege facts plausibly suggesting that: (1) he is a 'qualified individual with a disability'; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination by a public entity was by reason of his disability. Weinreich v. Los Angeles Cnty. Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997) (citing 42 U.S.C. § 12132) (emphasis omitted).

Plaintiff fails to plausibly allege that defendant constitutes a "public entity" for purposes of Title II of the ADA. See Weinreich, 114 F.3d at 978. A "public entity" under Title

II is: "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; [or] (C) the National Railroad Passenger Corporation, and any commuter authority . . . ." 42 U.S.C. § 12131(1). Under the facts plaintiff alleges, defendant is a private attorney representing a private party in a child custody hearing; there are no facts alleged in plaintiff's complaint remotely suggesting that defendant was a "public entity" for purposes of Title II of the ADA. Cf. Santiago v. Garcia, 70 F. Supp. 2d 84, 89 (D.P.R. 1999) (dismissing ADA claim against judge acting in his official capacity because a judge is not a "public entity" for purposes of the ADA). No amendment to plaintiff's complaint could remedy this defect. See Noll, 809 F.2d at 1448. Accordingly, the undersigned recommends that plaintiff's ADA claim be dismissed with prejudice.

        B.        Title VII Of The Civil Rights Act Of 1964

Plaintiff alleges that "Defendant violated the Civil Rights Act of 1964 . . . when he asked discriminatory questions in the Plaintiff's child custody hearing for his daughter." (Compl. at 16.) More specifically, plaintiff alleges that defendant violated 42 U.S.C. § 2000b and § 2000e when defendant asked him whether "he had a discussion about gay marriage with his child's school teacher at a 'meet and greet' school function." (Id. at 14.) However, neither statutory section provides for a cause of action for the conduct alleged here. For instance, 42 U.S.C. § 2000e only lists definitions for terms used in 42 U.S.C. Ch. 21, Subch. VI. Additionally, 42 U.S.C. § 2000b gives the Attorney General of the United States authorization to initiate legal proceedings on behalf of persons deemed unable to bring an Equal Protection claim on the basis of race, color, religion, or national origin; it does not grant an individual a private right of action.

Putting aside plaintiff's specific citations and construing plaintiff's allegations in light most favorable to him, based on the United States Code sections plaintiff cites it appears that he wishes to bring an action under Title VII of the Civil Rights Act. Yet plaintiff's allegations do not plausibly support a such a claim. In general, Title VII provides for a cause of

6

action against *employers* for unlawful employment practices that discriminate on the basis of race, color, religion, sex, or national origin. See 42 U.S.C. § 2000e-2. Plaintiff does not allege any facts indicating that defendant was in an employment relationship with plaintiff. Moreover, under no set of circumstances could an employer-employee relationship have arisen between defendant and plaintiff based on the factual scenario plaintiff alleges, such that it would be futile to allow plaintiff to amend his complaint. Accordingly, the undersigned recommends that the claim be dismissed with prejudice.

      C.      The Fourteenth Amendment And 42 U.S.C. § 1983

Plaintiff alleges throughout his complaint that defendant's actions violated the Equal Protection Clause of the Fourteenth Amendment. (Compl. at 2, 12-14, 17, 20-21.) The Equal Protection clause states: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV.

As an initial matter, plaintiff's "Fourteenth Amendment" claim should be asserted through 42 U.S.C. § 1983 ("Section 1983"). See Magana v. Northern Mariana Islands, 107 F.3d 1436, 1442-43 (9th Cir. 1997) (citing Monroe v. Pape, 365 U.S. 167 (1961)), overruled on other grounds in Monell v. Dep't of Soc. Serv., 436 U.S. 658 (1978); Ngiraingas v. Sanchez, 495 U.S. 182, 187 (1990) ("Section 1983 was originally enacted as § 1 of the Civil Rights Act of 1871. The Act was enacted for the purpose of enforcing the provisions of the Fourteenth Amendment.").[3]

In any event, plaintiff has not plausibly alleged facts supporting an Equal Protection claim, because plaintiff has not alleged that defendant acted under color of state law.

---

[3] The Fourteenth Amendment does not create a direct cause of action. Hughes v. Bedsole, 48 F.3d 1376, 1383 n.6 (4th Cir. 1995). Instead, Section 1983 provides a statutory cause of action for all citizens injured by an abridgment of the protections contained in the Constitution, including the Equal Protection and Due Process Clauses of the Fourteenth Amendment. Collins v. City of Harker Heights, Tex., 503 U.S. 115, 119-20 (1992); Engquist v. Oregon Dep't of Agric., 553 U.S. 591, 611 (2008) (reiterating that "§ 1983 provides a cause of action for all citizens injured by an abridgment of [the] protections" found in the "Due Process Clauses of the Fourteenth Amendment, and other provisions of the Federal Constitution").

For purposes of Section 1983, "private parties are not generally acting under color of state law." Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)); accord Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009), cert. denied, 130 S. Ct. 1937 (2010). Section 1983 "shields citizens from unlawful government actions, but does not affect conduct by private entities." Apao v. Bank of N.Y., 324 F.3d 1091, 1093 (9th Cir. 2003), cert. denied, 540 U.S. 948 (2003); Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999) ("the party charged with a constitutional deprivation under § 1983 must be a person who may fairly be said to be a [governmental] actor") (citation and internal quotation marks omitted; modification in original). Section "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." Sutton, 192 F.3d at 835 (citing American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted)).

Plaintiff has not sufficiently alleged that defendant committed acts under the color of state law. See Long, 442 F.3d at 1185. It is true that, in certain cases, private actors may be deemed to have acted under state law, but plaintiff has not alleged any facts to suggest that his is such a case. Although "[a] civil rights plaintiff suing a private individual under § 1983 must demonstrate that the private individual acted under color of state law," Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002), it is well-settled that "even a private entity can, in certain circumstances, be subject to liability under section 1983," Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 954 (9th Cir. 2008) (en banc). For instance, "[a] private individual may be liable under § 1983 if she conspired or entered joint action with a state actor." Crowe v. Cnty of San Diego, 608 F.3d 406, 440 (9th Cir. 2010) (citation and quotation marks omitted). There are four ways to find state action by a private entity for purposes of § 1983: (1) the private actor

8

performs a public function, (2) the private actor engages in joint activity with a state actor, (3) a private actor is subject to governmental compulsion or coercion, or (4) there is a governmental nexus with the private actor.[4] Kirtley v. Rainey, 326 F.3d 1088, 1093 (9th Cir. 2003).  Here, plaintiff's allegations do not support application of any of these tests, and therefore plaintiff's pleading does not plausibly indicate that defendant acted under color of state law.[5]  Further, there is no plausible set of facts upon which defendant can personally be described as a state actor; defendant was acting as a private attorney representing a private party in a child custody proceeding at the time the alleged discriminatory questioning occurred.[6]  Accordingly, the undersigned recommends that the claim be dismissed with prejudice.

////

---

[4] The joint activity test focuses on whether "the state has so far insinuated itself into a position of interdependence with the private actor that it must be recognized as a joint participant in the challenged activity." Kirtley, 326 F.3d at 1093 (citation, quotation marks, and modifications omitted). "'This occurs when the state knowingly accepts the benefits derived from unconstitutional behavior.'" Kirtley, 326 F.3d at 1093 (quoting Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1486 (9th Cir. 1995).)  While "a claim may lie against a private party who is a willful participant in joint action with the State or its agents," a "bare allegation of such joint action" will not suffice to avoid dismissal. Dietrich v. John Ascuaga's Nugget, 548 F.3d 892, 900 (9th Cir. 2008).  Here, plaintiff has not alleged that a state entity knowingly accepted any benefits derived from unconstitutional behavior. See Kirtley, 326 F.3d at 1093.

[5] While the "nexus" test assesses whether "there is a such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself," a state-appointed guardian paid by the state and subject to regulation by state law has been held not to be a "state actor" under this test where the guardian also acted as an advocate of the child and reported as an independent investigator and thus served a role "distinct from the court before which she advocates." See Kirtley, 326 F.3d at 1094-95.  Applying this aspect of Kirtley to this case, defendant's role as private attorney in a state court action presents even less of a potential state actor "nexus" than a court-appointed advocate.

[6] See, e.g., Elmasri v. England, 111 F. Supp. 2d 212, 221 (E.D.N.Y. 2000) (granting summary judgment for defendants as to plaintiff's Section 1983 claims based on allegations of discriminatory conduct during state court custody proceedings because "no defendant is a state actor.  First, it is clear that neither [plaintiff's ex-wife] nor her attorney, defendant Morrison, are state actors. They acted purely as private individuals in connection with the state court proceedings.") (citing Di Costanzo v. Henriksen, No. 94 Civ. 2464 (MCG), 1995 WL 447766, at *2 (S.D.N.Y. July 28, 1995) (unpublished) (dismissing for various reasons, including lack of state action, a civil rights claim brought against, appointed law guardian, plaintiff's ex-wife's attorney and court-appointed psychologist)).

9

### D. 18 U.S.C. § 245

Plaintiff also requests "that the Defendant be prosecuted by federal authorities under 18 U.S.C. § 245." (Compl. at 23.) District courts have clarified that "18 U.S.C. § 245 is a criminal statute and does not grant the plaintiff a private right of action." Cooley v. Keisling, 45 F. Supp. 2d 818, 820 (D. Or. 1999); cf. United States v. Wadena, 152 F.3d 831, 845-46 (8th Cir. 1998)) ("The presence of a criminal statute neither creates nor implies a corresponding private right of action."); cf. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that claims under criminal statutes 18 U.S.C. §§ 241-42 "provide no basis for civil liability"). Accordingly, plaintiff's claim under this statute is frivolous, and the undersigned recommends that the claim be dismissed with prejudice.

### E. State Law Claims

Plaintiff alleges two additional claims based on California state law, namely, that defendant violated both California Code of Civil Procedure § 284(1) and California Penal Code § 166. (Compl. at 13-14.)

Because the court has determined that plaintiff's pleading does not state a valid cause of action arising under federal law, see 28 U.S.C. § 1331, the court lacks subject matter jurisdiction over the remaining claims. Plaintiff does not assert that diversity jurisdiction exists, see 28 U.S.C. § 1332, and his pleading does not contain facts sufficient to establish that the parties are of diverse citizenship.[7] Accordingly, having recommended the dismissal of all of plaintiffs' federal claims, the undersigned recommends that the court decline to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c).

### F. "Real Party In Interest" Sondra Hoffman

Plaintiff's complaint names Sondra Hoffman ("Hoffman"), his child's mother, as a real party in interest. (Compl. at 1.) The authorities described above in the undersigned's

---

[7] Plaintiff alleges that this court has federal question jurisdiction under 28 U.S.C. § 1331. (Compl. at 1.)

analysis of claims against the defendant apply with equal force to Hoffman. Plaintiff's pleading contains no factual allegations plausibly suggesting that Hoffman was a "public entity" for purposes of an ADA claim under Title II, an employer for purposes of a Title VII claim, or a state actor for purposes of an Equal Protection claim. Similarly, to the extent plaintiff attempts to assert a claim under 18 U.S.C. § 245 against Hoffman, that claim should also be dismissed for the reasons described above with respect to defendant.

IV.   CONCLUSION

Although the court would ordinarily grant a pro se plaintiff leave to amend, it does not appear that the above-mentioned defects can be cured by more detailed factual allegations or revision of plaintiff's claims. Accordingly, leave to amend would be futile and the undersigned recommends that this action be dismissed with prejudice. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.   Plaintiff's request to proceed in forma pauperis (Dkt. No. 2) be GRANTED;

2.   The action be dismissed with prejudice; and

3.   The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

////

////

////

////

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 20, 2012

                                            _____
                                            KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE